## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   *Plaintiff,*

vs.                Case No. 22-10033-02-EFM

ESTEFANIA LOZOYA BUENTELLO,

   *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Estefania Lozoya Buentello's Motion for Reduction of Sentence (Doc. 128). She seeks a reduction in sentence stating that her sentence is long, and she has accepted responsibility for a bad decision. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.  Factual and Procedural Background

On March 28, 2024, Defendant pleaded guilty to possession of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On October 18, 2024, Defendant was sentenced to 168 months' imprisonment. Defendant's projected release date is February 21, 2035.

On May 23, 2025, Defendant filed the instant motion. She states that she has accepted responsibility for her mistake, is working on making herself better, and her sentence is long. The

government opposes her motion contending that Defendant did not exhaust her administrative remedies, and that Defendant provides no valid reason for a sentence reduction.

## II.     Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met. First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[2]

If a defendant satisfies the exhaustion requirement, district courts use a three-part test when deciding a defendant's motion.[3] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[4] If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

[3] *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[4] *McGee*, 992 F.3d at 1042–43 (citations and internal quotation marks omitted).

addressing all three factors.[5] If, however, the Court grants the motion, the Court must address all steps.[6]

### III.    Analysis

Defendant seeks a sentence reduction on the basis that her sentence is long, and she is rehabilitating herself in prison. The government asserts that Defendant did not exhaust administrative remedies. In addition, the government states that Defendant does not provide a valid reason for release.

### A.    Exhaustion

Exhaustion is a mandatory claim-processing rule that the government may forfeit or waive.[7] If, however, the government invokes it, the Court must enforce it.[8] Here, the government states that Defendant does not demonstrate administrative exhaustion. Indeed, Defendant does not address the exhaustion issue at all. In addition, she does not attach any communications that she had with the warden or any official at her facility regarding a request for compassionate release. Thus, Defendant does not demonstrate that she exhausted her administrative remedies, and her Motion is denied.

---

[5] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[6] *McGee*, 992 F.3d at 1043 (citation omitted).

[7] *Hemmelgarn*, 15 F.4th at 1030.

[8] *See United States v. Meinert*, 2022 WL 36411, at *2 (D. Kan. Jan. 4, 2022) (citing *Hemmelgarn*, 15 F.4th at 1031) (further citations omitted).

**B.        Extraordinary and Compelling Reasons**

Nevertheless, the Court will also address the government's alternative argument that Defendant does not present a valid extraordinary and compelling reason for release. In determining whether a defendant presents an extraordinary and compelling reason warranting a sentence reduction, the Court considers whether the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[9]  Under the Sentencing Commission's policy statement, an unusually long sentence may be a consideration but only if there has been a change in the law, the defendant has served at least ten years of the unusually long sentence, and the change in law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[10] Although Defendant states that she is serving a long sentence, she fails to demonstrate that she has served at least ten years of her sentence (because she has only served approximately one year of her sentence) or that there has been a change in the law under which she was sentenced. Accordingly, the Court finds that Defendant fails to present an extraordinary and compelling reason warranting release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 128) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of July, 2025.

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] 18 U.S.C. § 3582(c)(1); *see also McGee*, 992 F.3d at 1042.

[10] U.S.S.G. § 1B1.13(b)(6).